Nos. 21-13740-BB

_____

# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

PENELOPE STILLWELL, co-relator, for herself and as representative of co-relator William Stillwell, deceased,

*Qui Tam* Plaintiff-Appellant,

vs.

STATE FARM FIRE & CASUALTY CO. and MOTORISTS MUTUAL INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the Honorable Steven D. Merryday
United States District Court Judge, Middle District of Florida
Tampa Division, Case No. 8:17-cv-01894-SDM-AAS

_____

**APPELLANT'S MOTION FOR AN EXTENSION OF TIME TO FILE PETITION FOR REHEARING *EN BANC***

Jeremy L. Friedman, CA Bar No. 142659
Attorney at Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
Email: jlfried@comcast.net

Attorney for *Qui Tam* Plaintiff and Appellant
Penelope Stillwell

## MOTION FOR EXTENSION OF TIME TO FILE
## PETITION FOR REHEARING *EN BANC*

Pursuant to Eleventh Circuit Rule 35-2, appellant Penelope Stillwell – *qui tam* plaintiff in the False Claims Act action below – seeks a 28-day extension of time in which to serve and file a petition for rehearing *en banc* in this case. This is the first extension request made in connection with the *en bac* petition. Appellee State Farm does not oppose this request; and appellee Motorists' Mutual stated that it does not oppose a two-week extension. For reasons stated herein, compelling circumstances require Appellant to seek an extension for the full 28 days.

The three-judge panel issued an unpublished decision in this case on May 27, 2026 – more than 2 and a half years after oral argument. Judge Luck delivered the opinion of the Court, and Judge Tjoflat wrote a separate concurrence, joining in the judgment. Under Circuit Rule 25-2, appellant's petition for rehearing *en banc* is currently due June 17, 2026. Appellant Stillwell now seeks until July 15, 2026, in which to petition the Court for rehearing *en banc*.

## Background

This appeal addresses a question of extraordinary importance: may liability and no-fault insurers extinguish primary payer obligations under the Medicare Secondary Payer Act (MSP) by entering into private settlements of personal injury claims asserted by beneficiaries. The question is wedged between conflicting interests and statutory considerations. On the one hand, insurers seek to achieve final resolution of contractual duties to pay for a beneficiary's medical cost on behalf of insureds, when those costs are attributable to covered injuries. On the other, MSP was enacted to control Medicare expenditures and preserve Medicare solvency, barring insurers from shifting primary plan responsibilities onto the federal fisc. In the district court below, and before this Court, Stillwell asked: how could a private settlement between the injured beneficiary and the third party insured extinguish an obligation which the insurer owed to Medicare?

*En banc* resolution of this important question is necessary. This case is the ideal vehicle for the Eleventh Circuit to do so. Exercising restraint, after two and a half years of deliberation, the panel of esteemed judges could not agree on a rationale for affirming the judgment. Exercising restraint, the Opinion of the Court held that an insurer "had" primary plan responsibilities for medical costs incurred and paid prior to a settlement between a beneficiary and an insured (which, in the case of no-fault premises liability may be the same person), but the insurance company no longer has responsibility for post-settlement injury-attributed medical costs once the settlement is executed. The concurring opinion did not adopt the reasoning of the majority opinion, but it joined in the judgment based on the "full faith and credit" afforded to the judgment of the Indiana court in the personal injury action involving the Stillwells. Neither decision reconciled the result with prior jurisprudence of this Court in published opinions, holding that an insurer's payment to a beneficiary "or any other party is insufficient to extinguish its prospective reimbursement obligation" under MSP. *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1239-40 (11th Cir. 2016).

As Judge Tjoflat stated in dissent to the denial of rehearing *en banc* in *Humana*, 880 F.3d 1284, 1287 (11th Cir. 2018).

> Under the MSP Act . . . the Government can seek reimbursement from the beneficiary who has been compensated *or* from the tortfeasor's liability insurer directly. And this recovery right is not disturbed by any payments the liability insurer might have made already: the Government can recover its outlays from the liability insurer even though the insurer has already paid those outlays to the beneficiary in satisfaction of a settlement or judgment. See *id.* § 1395y(b)(2)(B)(ii) ("[A] primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the [Government] under this subchapter with respect to an item or service if it is demonstrated that such primary plan has *or had* a responsibility to make payment with respect to such item or service.")
>
> . . .
>
> Stated differently, a beneficiary's release of a liability insurer does not extinguish the liability insurer's obligation, as a primary payer, to

reimburse the Government. The Government does not occupy the status of a subrogee of part of the beneficiary's claim against the tortfeasor; it has reimbursement rights as against the tortfeasor's liability insurer that are independent of the insured's right of action for recovery under tort law. [*Humana*, 880 F.3d at 1287 (emphasis supplied by Judge Tjoflat).]

However, applying this precedent in this case threatens to disrupt an industry wide practice. Every day, across the nation, no-fault and liability insurers enter into settlement agreements with release terms that are identical to those enforced by the Indiana courts over Stillwell's objection. These primary plan insurers with contractual obligations to pay for injury-related medical costs want to terminate their liability under the policies, not only for the obligation to pay damages for a beneficiary's injuries, but also for its obligations to pay providers for medical costs or reimburse the United States under MSP. Objections raised by the insurers based on the absence of regulatory action and the need for finality in settlements are understandable from an industry perspective, but fall under Circuit precedent. This Court previously distinguished between a release of the tortfeasor by the beneficiary and continuing duties of insurance plans to the government. Fiscal survival of the nation's Medicare program – one that may well otherwise face bankruptcy in the next decade – depends upon judicial application of MSP's terms.

Both MSP and the False Claims Act are necessary to hold parties to their fiscal obligations with the United States. These laws have proven successful precisely when federal courts permit private enforcement of public rights. Notwithstanding the lack of executive action, this Circuit should grant review *en banc*, to reconcile the Court's decision in harmony with prior precedent, to achieve overarching statutory purposes, and to avert the systemic financial crisis facing Medicare that Congress intended. The unpublished three-judge non-unanimous opinions create a blueprint for insurers to avoid obligations to the United States, and *en banc* review will be necessary to resolve the exceptionally important issue through a macro-level view.

**Reasons Why a 28-Day Extension of Time is Necessary**

1. Appellant's counsel requires additional time. The panel split across two distinct legal tracks after an extraordinary 2.5-year deliberation. To properly frame and draft a petition for rehearing *en banc*, Stillwell's counsel must review the extensive record, update legal research, revisit statutory and regulatory context, respect the internal logic of the two divergent panel opinions, and weave a coherent explanation for why the Circuit should grant *en banc* review. The 21 days afforded ordinarily to parties seeking to file an *en banc* petition would be insufficient in this case. Counsel requires a block of several weeks time when he can devote relatively undivided attention to the outlining, researching and drafting process.

2. Counsel faces unavoidable conflicts. Since the time that the panel's decision was finally filed, counsel has been effectively precluded from the focus and availability needed to perform the work associated with an *en banc* petition. These unavoidable conflicts include:

- A settlement conference in a civil rights action pending in the Eastern District of California, which resulted in the immediate need to review a motion for summary judgment, research principles of judicial estoppel and file a motion for a stay of proceedings while the plaintiff reopens a closed Chapter 13 case.

- A hearing on four discovery motions in a putative class action pending in Alameda County Superior Court, followed by post-hearing supplemental statements and preparations for an adjustment to the case scheduling of the motion for class certification and cross motions for summary judgment.

- Opposition to a motion for defense attorneys fees under the False Claims Act, § 3730(d)(4), in a case pending in the Central District of California, and work in connection with an opening brief in an appeal

in that case to the Ninth Circuit.

- A reply brief for a motion to stay in a case in the Eastern District of California pending resolution of a Ninth Circuit appeal from an order by the Northern District of California in a related False Claims Act case, where the current due date for the opening brief is July 6, 2026.

- Preparations for a petition for a writ of certiorari to the Ninth Circuit in the Supreme Court, where the petition deadline has already been extended for 60 days and the unmovable deadline is now July 20, 2026.

In addition, counsel has two personal conflicts that are unavoidable. First, the undersigned has had pre-existing, pre-paid plans to travel out of state from June 20 to June 28. During this travel plan, he will be joining about 60 other individuals who have made arrangements nearly a year ago to meet up at that time.

Second, counsel recently lost a close friend, co-counsel and colleague, who underwent critical care and then passed away in a hospital in Ohio. The undersigned has been pre-occupied interacting with family members, friends and colleagues, and in coordinating work with members of the attorney's firm. Counsel anticipates that he will likely travel to Ohio to attend memorial services and to hold meetings with other attorneys to facilitate work on jointly prosecuted cases.

A 28-day extension of time would set July 15, 2026, as the due date for the petition for rehearing *en banc* in this case. If it were not for the factors stated above – particularly the unmovable deadline for the petition for a writ of certiorari on July 20, appellant's counsel would have more certainty that this extension alone will be sufficient. Nevertheless, appellant now seeks an extension to July 15, and he intends to expend best efforts, such that any further extension would be made only upon a showing of compelling need and extraordinary circumstances.

As noted at the top of this motion, appellant's counsel has conferred with the

attorneys for appellees regarding this extension request. The attorneys representing State Farm confirmed that the appellee does not oppose a 28-day extension. The attorney for Motorists Mutual responded that they would agree only to a 14 day extension, which would place the due date around July 1. The undersigned determined that such an extension would be unworkable based on the circumstances stated in this motion.

## CONCLUSION

For the foregoing reasons, appellant seeks a 28-day extension of time until July 15, 2026, to file a petition for rehearing *en banc* in this case.

Respectfully submitted,

Dated: June 10, 2026     Law Office of Jeremy L. Friedman

By: /S/Jeremy L. Friedman
   Jeremy L. Friedman

Attorney for *qui tam* plaintiff and appellant Penelope Stillwell

<h1 style="text-align:center">DECLARATION OF COUNSEL</h1>

I, Jeremy L. Friedman, declare and state:

1. I am the attorney representing *qui tam* plaintiff and appellant Penelope Stillwell on this appeal. I am licensed to practice in the State of California and Illinois, and have appeared in this Court, as well as the United Stated Circuit Courts of Appeals for the First, Fifth, Seventh and Ninth Circuits. I make this declaration based upon my own personal knowledge. If called as a witness, I would and could testify to the following.

2. This appeal is from a Judgment entered September 27, 2021 (ECF 125), arising from the district court's order on the same day (ECF 124) granting a motion to dismiss. The district court's 17-page order raises issues of exceptional importance: whether no-fault and liability insurers may escape responsibilities under Medicare Secondary Payer (MSP) statutes by entering into settlement agreements with the injured beneficiary, and thereby being released from tort claims against their insureds. Review of this issue by the Eleventh Circuit *en banc* is necessary to maintain adherence to the text and purpose of MSP. The two opinions of the three-judge panel were unable to reconcile their reasoning, leaving the unpublished decision in conflict with prior Circuit precedence. *En banc* review is necessary to resolve that conflict, and to prevent further erosion of, and damage to, the fiscal survivability of Medicare. Such an *en banc* decision may well disrupt the expectations of the insurance industry, but to do so would be the required result of Congress passing MSP. No act or inaction by the executive or legislative branches can replace or fulfill the need for judicial determination of the issue, particularly since Congress has already legislated the solution sought to be enforced by appellant in this case.

3. I did not represent Mrs. Stillwell in the district court, but I performed the briefing and argument before this Court. Oral argument was held on October 6,

2023, and the panel's decision was issued more than 2.5 years later on May 27, 2026. Additional time is needed for me to consult with other attorneys, thoroughly review the split opinions, update research, revisit complex legislative and regulatory developments, and draft a petition for rehearing *en banc* which can balance the internal coherence of the panel's opinions with the macro-level concerns that must be addressed by the court *en banc*.

4. The statements of conflicts in this application are true and correct.

- The stay motion and opening brief in Ninth Circuit appeal involve United States *ex rel.* Mazik v. Kaiser Foundation Health Plan *et al.*, Case No. 2:19-cv-00559-DAD-JDP, pending in the Eastern District of California, and Osinek *et al.* v. Mazik *et al.*, Case No. 26-2425 in the Ninth Circuit. The opening brief currently due July 6, 2026, but my co-counsel – Warner Mendenhall – recently passed away, and an extension of time for that brief may well be needed.

- The petition for a writ of certiorari is in Cross v. Central Contra Costa Transit Authority, Ninth Circuit Case No. 24-6068 (Supreme Court Application Docket No. 25A1259). The unmovable deadline for the cert petition is July 20, 2026.

- The discovery motions and scheduling of class certification motion and cross-motions for summary judgment is in Rake *et al.* v. Regents of the University of California, Case No. 22CV019075, Alameda County Superior Court. Mr. Mendenhall was co-counsel in that case as well, and his firm will continue to serve with redesignated counsel. Because of the recent tragedy, opposing counsel have agreed to continue dates and rework a case schedule for motions.

- The settlement conference and subsequent work on the stay and summary judgment motions are in Lawrence v. Wormuth, Case No.

2:23-cv-01717-TLN-JDP, in the Eastern District of California. I am also representing the same client in ongoing proceedings in the Eastern District of Missouri, in Lawrence v. Bisignano, Case No. 4:25-cv-01892-RWS, where the deadline for the brief in support of the complaint was extended into August.

5. Given these unavoidable intervening scheduling conflicts, as well as the personal conflicts described herein, I request an extension of time until July 15, 2026, in which to file the petition for rehearing *en banc*. I am a sole practitioner, and I am the only attorney representing Mrs. Stillwell on the appeal. While I have tried to maintain a controlled docket of cases over my 37 years of practice, my workload at this particular moment is extraordinary, and my need to address the death of Mr. Mendenhall is overwhelming. I intend to perform work to the best of my ability to meet the July 15 extended date, and I will apply for any further extension on the basis of compelling reasons and extraordinary circumstances.

6. On June 8 and 9, 2026, I communicated with counsel for appellees State Farm Fire & Casualty Co and Motorists Mutual Insurance Company regarding this request. Therein, I informed them of the matters presented by this motion. As stated in the application, counsel for State Farm stated that appellee does not oppose this request. Counsel for Motorists stated that it did not oppose a two week extension, but an extension for that amount of time is insufficient.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge. Executed this 10th day of June, 2026, in Oakland, CA.

/S/Jeremy L. Friedman
Jeremy L. Friedman

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/S/Jeremy L. Friedman<br>Jeremy L. Friedman

**CERTIFICATE OF COMPLIANCE**

1. This paper complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 1,759 words, excluding the parts of the motion required by Federal Rule of Appellate Procedure 27(a)(2)(B).

2. This paper complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using WordPerfect in 14 point Times New Roman.

/S/Jeremy L. Friedman<br>Jeremy L. Friedman

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE

*Eleventh Cir. R. 26.1-2(a) list of trial judges, attorneys, and corporations*

1.  Allen, Esq., David Matthew

2.  Anthem Blue Cross and Blue Shield (ANTM)

3.  Boyd & Jenerette, P.A.

4.  Carlton Fields Jordan Burt, P.A.

5.  Center for Medicare and Medicaid Services

6.  Chamberlain, Esq., Daniel

7.  Cohen & Malad, LLP

8.  Emden, Esq., Christopher J.

9.  Eagle-Kirkpatrick Management Company, Inc.

10.  Estate of William Stillwell, deceased

11.  Franz, Esq. Kevin D.

12.  Friedman, Esq. Jeremy L.

13.  Gooden, Esq., Kansas R. (Currently serving as Fl. Appellate Judge)

14.  GT Services, Inc., d/b/a Green Touch Services, Inc.

15.  Grover, Esq., Steven F.

16.  Hill & Lemongello, P.A.

17.  Joven, Esq., Carol N.

18.  Kirkpatrick Management Co., Inc.

19.  Lemongello, Esq., Daniel

20.  Merryday, Honorable Steven D.

21.  Motorists Mutual Insurance Company

22.  Optimal Performance and Physical Therapies

23.  Price Waicukauski Joven & Caitlin,  LLC

24.  Reid, Esq., Benjamine

25.  Rocap, Esq., Richard A.

26. Rocap Law Firm

27. Sansone, Honorable Amanda A.

28. Schulz, Esq., Bradley J.

29. Section C Homeowners Association, Inc.

30. State Farm Fire and Casualty Company

31. State Farm Litigation. Counsel

32. Steven F. Grover, P.A.

33. Stillwell, Penelope

34. United States Attorney's Office

Filer certifies that he is aware of no publicly traded company or corporation with an interest in the outcome of the case or appeal.

Dated: June 10, 2026

/s/Jeremy L. Friedman
Jeremy L. Friedman